**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**PRESTON BAKER and MADELYN SOTO,**

                       **Plaintiffs,**                  **MEMORANDUM AND ORDER**

                     **-against-**                              **10-CV-5144 (JG)**

**LITTON LOAN SERVICING LP, et al.,**

                       **Defendants.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      In an Endorsed Order dated April 7, 2011, this Court directed that plaintiffs show cause, in writing, by April 11, 2011, why defendants Litton Loan Servicing and Residential Funding ("defendants") should not be permitted to move for judgment that month (while discovery was ongoing). Plaintiffs ignored that Order until May 24, 2011, when they filed a document entitled "Opposition to Defendants['] Request for Judgment" ("Pl. Opp."), which does not address – let alone show good cause for – plaintiffs' six-week delay in responding to the April 7th Order to Show Cause. Moreover, plaintiffs' Opposition is entirely unresponsive to the allegations made by defendants in their April 6th letter ("Def. Letter"), which formed the basis for the Court's Order To Show Cause.

      Defendants contend that the claims in this case – which concern the validity of the mortgage on plaintiffs' real property – are precluded by principles of *res judicata*, in that the plaintiffs herein defaulted in a prior foreclosure action concerning the same property. See Def. Letter at 1. Plaintiffs counter that they "never brought a foreclosure action against

Defendants," Pl. Opp. ¶ 4; see Declaration of Preston ("Baker Decl.") ¶ 6; Declaration of Madelyn Soto ("Soto Decl.") ¶ 6 – an assertion that begs the critical question whether a foreclosure action was ever filed *against* them. Furthermore, rather than citing any legal precedent in response to defendants' *res judicata* defense, plaintiffs vaguely assert that "Plaintiffs' factual contentions have evidentiary support and welcomes [sic] Defendants to provide evidence or proof of their false allegations that Plaintiffs filed a previous lawsuit." Baker Decl. ¶ 7; Soto Decl. ¶ 7. Plaintiffs and their counsel either lack any understanding whatsoever of the issue raised by defendants or have opted instead to obfuscate that issue.

In addition, plaintiffs characterize as "absurd" defendants' suggestion, in their April 6th letter to the Court, that "Plaintiffs have done nothing to move their modification application forward" since defendants' last communication with the Court. Pl. Opp. ¶ 8; see Def. Letter at 1. However, plaintiffs' submission is silent as to the documentation that defendants had expressly requested; on March 9, 2011, defendants apprised the Court that, "[t]o date, we have not been provided the proof that we requested to verify that the tax return supplied was actually filed with the IRS after our search indicated that it was not." Letter to the Court from Defense Counsel (March 9, 2011). None of the correspondence that plaintiffs have now filed with the Court in any way cures this deficiency. See Pl. Opp. Ex. B.[1]

Judge Gleeson requires that any party wishing to file a dispositive motion first file a

---

[1] Moreover, an email from plaintiffs' counsel that postdates defendants' April 6th Letter to the Court has no bearing on the accuracy of the state of affairs as recounted by defense counsel in his April 6th letter.

written request for a premotion conference. Defendants are free to do so.

The June 28th in-person settlement conference before the undersigned magistrate judge will go forward as scheduled. <u>Plaintiffs as well as their counsel must attend</u>.

**SO ORDERED.**

**Dated:** Brooklyn, New York
May 27, 2011

**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**