**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**PRESTON BAKER and MADELYN SOTO,**

                     Plaintiffs,                 **MEMORANDUM AND ORDER**

               -against-                           10-CV-5144 (JG)

**LITTON LOAN SERVICING LP, et al.,**

                     Defendants.
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court are the following: (1) a letter dated August 8, 2011, from counsel for two of the defendants, Litton Loan Servicing LP and Residential Funding Corporation, LLC ("defendants"), regarding the failure of plaintiffs Preston Baker and Madelyn Soto to notify the Court, by July 21, whether they would be retaining new counsel or proceeding *pro se*, and the failure of plaintiffs' counsel of record, Gary Lane, to reimburse defendants for the costs incurred in their counsel's attendance at a court proceeding on June 24, 2011, for which Mr. Lane failed to appear, see Letter to the Court from John Gable (Aug. 8, 2011), ECF Docket Entry ("DE") #39; and (2) Mr. Lane's sworn submission docketed on July 14, 2011, once again protesting the Court's imposition of sanctions, and challenging defense counsel's calculation of the amount due as a sanction. See Sworn Affidavit of Gary Lane in Response to Court's Request (July 14, 2011) ("Lane 7/14/11 Aff."), DE #38.

      Addressing Mr. Lane's submission first: By the Court's calculation, Mr. Lane's latest challenge to the Court's decision to sanction him for his non-appearance on June 24th

represents at least the *fourth* time that he has sought, after-the-fact, to excuse his violation of a court order.  See Response to Order to Show Cause (June 29, 2011), DE #27; Notice re Response to Order to Show Cause (July 1, 2011), DE #31; Response to Order to Show Cause (July 5, 2011), DE #32; Affidavit/Affirmation (July 5, 2011), DE #35; Lane 7/14/11 Aff., DE #38.  This Court has on several occasions considered and rejected his purported justifications, see Memorandum and Order (July 5, 2011), DE #34; Minute Entry (July 6, 2011), DE #36, and declines to rehash those arguments yet again.  Having previously detailed its reasons for declining to vacate its imposition of sanctions, the Court adheres to its prior decisions and adds only the following observations:  Despite Mr. Lane's suggestion that he had insufficient time to apprise the Court in advance of his alleged inability to travel to New York for his court appearance, Mr. Lane has yet to produce any documentary evidence to show that he had previously made the necessary travel arrangements; nor has he obtained and reviewed a transcript of the two proceedings for which he failed to appear, including the June 24th conference at which the Court learned that Mr. Lane had told his client, Mr. Baker, that he would not be attending the conference on account of Mr. Baker's inability to pay for the cost of Mr. Lane's travel or fees.[1]  See generally Affidavit of John J. Gable (June 29, 2011) ("Gable Aff."), DE #28.

Whether or not Mr. Lane previously enjoyed an unblemished professional record, see Lane 7/14/11 Aff. ¶ 14, the record in this case is clear that he has not conducted himself in a

---

[1] Mr. Lane's dismissal of that statement as "hearsay," Lane 7/14/11 Aff. ¶ 17, overlooks the fact that the statement was made by Mr. Lane to Mr. Baker, who was present in court when the Court was apprised of it.

manner befitting an officer of the court, and that sanctions are warranted.[2]  See generally Peart v. City of New York, 992 F.2d 458 (2d Cir. 1993) (court did not abuse its discretion in dismissing action with prejudice and sanctioning plaintiff's counsel who, among other things, advised court that she would not be filing requisite pretrial materials or appearing for trial because she was engaged on trial); Belliard v. Royal Bank of Scotland, P.L.C., 213 F.R.D. 144, 145 (S.D.N.Y. 2003) (dismissing action where, *inter alia*, plaintiff's counsel "inexcusably did not appear at status conferences with the Court"); accord Hill v. City of New York, No. 10 Civ. 2238(RJS)(DCF), 2011 WL 2228109 (S.D.N.Y. June 6, 2011) (dismissing *pro se* complaint where plaintiff failed to appear at scheduled conferences).

That said, Mr. Lane has raised a valid concern regarding the fee amount requested by defendants' counsel as a sanction.  See Lane 7/14/11 Aff. ¶¶ 21-23.  Specifically, Mr. Lane objects to attorney John Gable's request that Mr. Lane pay for 8.25 hours of legal time in connection with his appearance at the June 24th conference, calculated from 11:30 a.m. that morning, when Mr. Gable left Bronx County (where he had another court appearance) to travel to Cadman Plaza for the 2:00 p.m. proceeding in this instant case, until 7:45 p.m., when Mr. Gable arrived back in Albany, New York.  See Gable Aff. ¶ 8.  Mr. Lane complains that, since Mr. Gable had traveled to New York City to appear at two court proceedings, he should charge only half his return trip to this matter.  Lane 7/14/11 Aff. ¶¶ 22-23.[3]  However, Mr.

---

[2] The Court notes further that, despite the Court's previous order, see Endorsed Order (June 30, 2011), DE #29, Mr. Lane has not disclosed a working telephone number at which he can be reached; the cell phone number he provided is not in service.  See Response to Order to Show Cause (June 30, 2011), DE #30.

[3] Mr. Lane does not take issue with Mr. Gable's $300 hourly rate.

Lane overlooks the fact that Mr. Gable did not attribute *any* of the travel time *to* New York City to this matter.

Nevertheless, while Mr. Lane's analysis is flawed, the Court agrees that the total amount requested exceeds what is reasonable for a sanction. Mr. Gable's firm may well charge their clients their full hourly rate for travel on a "portal to portal" basis, Gable Aff. ¶ 8; however, in the fee-shifting context, "it is customary in this circuit to reduce attorney's fees by fifty percent for travel time." Pennacchio v. Powers, No. 05 CV 985(RRM)(RML), 2011 WL 2945825, at *1 (E.D.N.Y. July 21, 2011); see generally Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008) (upholding fee award that included travel time calculated at half the usual hourly rate); Bridges v. Eastman Kodak Co., 102 F.3d 56, 59 n.2 (2d Cir. 1996) (district court properly reduced fee award in part to reflect travel time).

Mr. Gable's firm charged defendants 8¼ hours of legal time in connection with counsel's appearance at the June 24th conference. See Gable Aff. ¶ 8. Of that time, a reasonable amount for the Court to attribute to travel time (as opposed to time spent in court and/or waiting for the case to be called) is six hours. Therefore, the total amount requested, i.e., $2,856.40 (which also includes travel expenses and an hour spent reviewing Mr. Lane's response to the Court's Order To Show Cause and replying thereto, see id.), should be reduced by $900 -- the product of $150 (half of the usual $300 rate) multiplied by six hours.[4]

---

[4] The Court is of the view that such a reduction is reasonable even though Mr. Gable's firm apparently did not charge their clients in this case for the time spent traveling to New York City. The firm presumably recovered those charges from the client for whom they were appearing in Bronx County. Furthermore, during the time that Mr. Gable spent traveling back to Albany, he could have been working on matters for other clients.

Consequently, the total amount of the fee awarded as a sanction is $1,956.40,[5] to be paid by September 8, 2011, provided that, by August 16, 2011, Mr. Gable files records substantiating the time charges and expenses (redacted to omit any privileged information).  See Lane 7/14/11 Aff. ¶ 20 (arguing that Mr. Gable's "expenses require verification").

As for Mr. Gable's letter of August 8, 2011:  Mr. Gable is correct that plaintiffs Baker and Soto have failed to notify the Court whether they will be retaining new counsel in place of Mr. Lane, whether they will be continuing with Mr. Lane, or whether they will be proceeding *pro se*.  See Endorsed Order (July 6, 2011), DE #37 (setting deadline of July 21, 2011).  As a result, this litigation has been on hold.  Plaintiffs are directed to notify the Court and counsel of their intentions no later than August 18, 2011.

## **CONCLUSION**

For the foregoing reasons, Mr. Lane shall, by September 8, 2011, pay a sanction in the amount of $1,956.40 to defendants Litton and Residential Funding, to reimburse them for a portion of their attorney's fees and expenses; and plaintiffs Baker and Soto are directed to notify the Court and counsel, by August 18, 2011, as to who, if anyone, will be representing them in this litigation.

Any objections to the rulings herein must be filed with Judge Gleeson by August 29, 2011, or will be deemed waived.

---

[5]  Notably, had counsel for co-defendant Option One sought reimbursement for his client's fees, the sanction on Mr. Lane would have been greater.

The Clerk is directed to enter this Memorandum and Order into the ECF system and to mail a copy to plaintiffs Baker and Soto at their last known address.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**August 10, 2011**

                                            **ROANNE L. MANN**
                                            **UNITED STATES MAGISTRATE JUDGE**